# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALLEN HAMMLER, Plaintiff, v. F. AVILES, Defendant. | Case No.: 17-CV-1185-AJB(WVG)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS COUNT THREE**<br><br>**[ECF No. 6.]** |
|---|---|

Plaintiff Allen Hammler, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights action seeking relief under the Civil Rights Act, 42 U.S.C. § 1983. Defendant F. Aviles has filed a motion to dismiss Count 3 of Plaintiff's Complaint. (ECF No. 6.) For the reasons that follow, the Court RECOMMENDS that Defendant's motion to dismiss be GRANTED with leave to amend.

## I. BACKGROUND

In 2016, Plaintiff was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. Plaintiff claims that on November 7, 2016, Defendant "slammed [Plaintiff] . . . head first against the concrete," which resulted in injuries to his head and shoulder. (ECF No. 1 at 6.) Plaintiff alleges that after this incident, he filed a staff complaint against Defendant at RJD. (ECF No. 1 at 7.) Plaintiff alleges that Defendant then

filed a false misconduct report that led to Plaintiff's disciplinary hearing, which ultimately resulted in Plaintiff being placed on psychotropic medication. (ECF No. 1 at 9.)

Plaintiff asserts three causes of action arising from this incident at RJD: (1) Defendant's use of unnecessary and excessive force constitutes "cruel and unusual punishments" in violation of the Eighth Amendment; (2) after Plaintiff filed a complaint concerning this matter, Defendant retaliated against Plaintiff, violating Plaintiff's rights under the First Amendment; and (3) Defendant violated Plaintiff's due-process rights under the Fourteenth Amendment by filing false reports about the incident. (ECF No. 1.)

Defendant now moves to dismiss Count 3 of the Complaint on the grounds that Plaintiff has failed to state a claim.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible

when the facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleadings . . . [will] cure the deficiency." *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

Where, as here, a plaintiff appears *pro se* in a civil rights suit, the Court also must be careful to construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Garmon v. Cty. of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies cannot be cured by amendment. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). The plaintiff must also be given some notice of the complaint's deficiencies prior to dismissal. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Parkes v. Cox*, 508 Fed. Appx. 649, 650 (9th Cir. Feb. 14, 2013) (citing *Cato*) (unpublished).

### III. DISCUSSION

**A.     Plaintiff Has Failed to State a Claim in Count Three**

When Plaintiff's allegations are viewed in the broadest possible light, he appears to be alleging that Defendant violated his Fourteenth Amendment right to Due Process

because Defendant filed a false California Department of Corrections and Rehabilitation ("CDC") Rules Violation Report and Crime Incident Report, and these false reports were relied upon to authorize the CDC to administer antipsychotic medication to Plaintiff. (ECF No. 1, 9.)

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriving any person of life, liberty, or property, without the due process of law." U.S. Const. amend. XIV. Prisoners may claim the protections of the Due Process Clause and are not to be deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Haines v. Kerner*, 404 U.S. 519 (1972). Forced administration of psychotropic drugs trigger the protections of the Due Process Clause. *Chappell v. Mandeville*, 706 F.3d 1052, 1063 (9th Cir. 2013). The Supreme Court has held that, "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210, 227 (1990).

Moreover, with respect to Plaintiff's claim that Defendant falsified reports, as long as a prisoner is afforded procedural due process, allegations of fabricated evidence or testimony fail to state a claim under section 1983. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims); *Garrott v. Glebe*, 600 Fed. Appx. 540, 541-42 (9th Cir. 2015); *Timberland v. Mascarenas*, No. 1:16-cv-922-LJO-GSA-PC, 2018 U.S. Dist. LEXIS 31787, at *15 (E.D. Cal. Feb. 27, 2018); *Smith v. Ahmed*, No. C-15-03476-MEJ(PR), 2015 U.S. Dist. LEXIS 154051, at *7 (N.D. Cal. Nov. 13, 2015). To satisfy these procedural protections in the context of forced administration of psychotropic drugs, the decision to involuntarily medicate an inmate satisfies due process when facilitated by an administrative review. *Washington v. Harper*, 494 U.S. 210, 233 (1990). Procedural due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to be present and

cross-examine witnesses. *Id.* at 235. Appointment of counsel is not required; the provision of a lay advisor who understands the psychiatric issues involved is sufficient protection. *Id.* at 236.

Here, Plaintiff acknowledged he received a hearing under California Penal Code § 2602 on January 11, 2017 before the decision to medicate him with antipsychotic medication against his will.[1] (ECF No. 1, at 9.) However, he does not allege any procedural violations relating to these hearings. Absent any allegations of procedural violations, he has not stated a claim under the Due Process Clause.

Plaintiff cites *Harmon v. St. Louis Cty.*, No. 4:08CV226SNLJ, 2009 U.S. Dist. LEXIS 27726, at *10, 2009 WL 880024, at *3 (E.D. Mo. Mar. 31, 2009) for the proposition that an "officer's falsification of a report . . . constitutes a due process violation when the alleged falsified report leads to an unconstitutional deprivation of life, liberty, or property." (Doc. No. 9 at 3-4.)[2] He contends a due process violation occurred here because Aviles's alleged falsified report led to Plaintiff "being deprived of the most important [r]ight of all, to have control over his own body and mind." (*Id.* at 3-4.) However, while the key word in the *Hamlon* quotation is "unconstitutional," Plaintiff overlooks the middle step in the process by which he was ordered medicated: the administrative hearing he admits he received before being medicated. So long as he was provided procedural protections during that hearing, a viable Due Process claim does not lie because the alleged deprivation was not an unconstitutional deprivation. Plaintiff's claim here fails because the Complaint lacks allegations of inadequate procedural protections during the hearing.

---

[1] Section 2602 sets forth the procedures for involuntary medication administration. These procedures include an administrative hearing.

[2] The actual language in *Harmon* follows: "[An inaccurate police report] *only* constitutes a due process violation when the alleged falsified report leads to an unconstitutional deprivation of life, liberty, or property." (emphasis added).

Based on the foregoing, Defendant's motion to dismiss Count 3 should be GRANTED.

**B.     Leave to Amend**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted).

Here, there has been no undue delay, bad faith, or dilatory motive. It does not appear there would be any undue prejudice to Defendant. There have been no repeated failures to cure deficiencies by previous amendments. This would be Plaintiff's first attempt to amend Count 3. Thus, the only basis for denying leave to amend would be the futility of amendment. However, leave to amend would not be futile because, as noted above, additional allegations regarding the disciplinary hearing could cure the deficiencies in Count 3. Whether such facts actually exists such that Plaintiff will be able to allege them is unknown. However, Plaintiff should be granted at least the opportunity to add additional curative facts *if* they exist. Given that all the other factors weigh in favor of amendment and it is not clear that amendment would be futile, the Court RECOMMENDS Plaintiff be granted leave to file an amended complaint for the limited purpose of amending Count 3.

### IV.     CONCLUSION

Based on the foregoing, this Court respectfully RECOMMENDS that Defendant's motion to dismiss Count Three of the Complaint be GRANTED with leave to amend.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that **no later than April 27, 2018**, any party to this action may file written objection with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties **no later than May 11, 2018**. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on the appeal.

**IT IS SO ORDERED.**

DATED: March 12, 2018

Hon. William V. Gallo
United States Magistrate Judge