UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                                    Plaintiff,<br><br>v.<br><br><br>F. AVILES,<br><br>                                   Defendant. | Case No.:  17-CV-1185-AJB(WVG)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 31.]** |

Plaintiff Allen Hammler, a vexatious state prisoner proceeding *pro se* and *in forma pauperis*, filed an amended complaint that—without leave of Court—added multiple new claims against Aviles.  This despite the Court's clear directive that any amended complaint was to address only previously-dismissed Count Three.  Defendant now moves to dismiss the First Amended Complaint based on Plaintiff's violation of the Court's Order.

This Court also notes that while the Court declared Plaintiff a vexatious litigant in a separate case, it appears that Order has been limited to that case only.  Accordingly, this Court now *sua sponte* considers whether the Court's Order should be extended to this case as well.

For the reasons that follow, the Court RECOMMENDS that (1) Defendant's motion to dismiss be GRANTED, (2) that the Court direct the Clerk of Court to file the proposed

amended complaint filed with Docket No. 21 be entered in this case as the First Amended Complaint under a new docket entry, and (3) that the Order declaring Plaintiff a vexatious litigant in S.D. Cal. Case No. 18-CV-326-AJB(WVG) be extended to the instant case.

## I.    BACKGROUND

In 2016, Plaintiff was housed at the Richard J. Donovan Correctional Facility in San Diego, California.  Plaintiff claims that on November 7, 2016, Defendant slammed him into concrete, which resulted in injuries to his head and shoulder.  Plaintiff alleges that after this incident, he filed a staff complaint against Defendant.  Plaintiff alleges that Defendant then filed a false misconduct report that led to a disciplinary hearing, which ultimately resulted in Plaintiff being placed on psychotropic medication.

In the original Complaint, Plaintiff asserted three claims arising from this incident: (1) Defendant's use of unnecessary and excessive force constitutes "cruel and unusual punishments" in violation of the Eighth Amendment; (2) after Plaintiff filed a complaint concerning this matter, Defendant retaliated against Plaintiff, violating Plaintiff's rights under the First Amendment; and (3) Defendant violated Plaintiff's due-process rights under the Fourteenth Amendment by filing false reports about the incident.

In response, Defendant moved to dismiss Count Three, and this Court issued a Report and Recommendation that the claim be dismissed with leave to amend.  (Doc. No. 10.)  The Court thereafter adopted the R&R, dismissed Count Three, and granted Plaintiff leave to amend only Count Three.  (Doc. No. 13.)  When Plaintiff failed to file an amended complaint, the Court closed the case, but thereafter reopened the case after accepting Plaintiff's explanation that he did not believe he needed to file an amended complaint. (Doc. No. 29.)  He explained this belief was based on the Court's actions in another case, in which the Court construed the original complaint without a dismissed claim as the amended complaint.[1]  (*Id.* at 2.)  In this case, however, the Court did not construe the

---

[1] Plaintiff's explanation here is inconsistent with his wanting to file an amended complaint at all.  If he believed that the original Complaint with Count Three would be construed as

original complaint without Count Three as the amended complaint but rather allowed Plaintiff to file it himself. When the Court reopened the case, it granted Plaintiff's motion to amend (Doc. No. 21) and stated that "[w]hile Plaintiff has attached a copy of his amended complaint to his motion to amend, Plaintiff **must** file his amended complaint by **August 23, 2019**." (Doc. No. 29 at 3 (emphasis in original).) Defendant now moves to dismiss the First Amended Complaint for failing to follow the Court's order granting him leave to amend only Count Three.

## II. LEGAL STANDARD

Defendant moves for dismissal under Federal Rule of Civil Procedure 41(b), which allows for the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This rule also permits the court to *sua sponte* dismiss an action for failure to prosecute or failure to comply with court order. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Rule 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

Defendant also references Rule 16(f) which allows the Court, on motion or on its own, to issue "any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" if

_____

the First Amended Complaint—as it was by the Court in one of his other case—this demonstrates Plaintiff's desire to not add new claims. It also demonstrates his satisfaction with the case proceeding on Claim One and Two of the original Complaint. That the proposed amended complaint he filed with his motion to reopen this case omitted the original third claim and contained only the first two claims was consistent with these facts. Yet the FAC Plaintiff filed now contradicts what Plaintiff has been telegraphing all along by adding multiple new claims in addition to re-asserting the original third claim as two separate claims.

a party "fails to obey a scheduling *or other pretrial order*." (emphasis added). Under Rule 37(b)(2)(A)(v), the Court may dismiss an action or proceeding in whole or in part for failure to obey a court order.

Before dismissing a case under Rule 16(f) or Rule 41(b), "the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). The standards for dismissal under Rule 16(f) and Rule 41(b) for failure to obey a court order "are basically the same." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), cert. denied, 488 U.S. 819 (1988).

## III.  DISCUSSION

### A.  The First Amended Complaint Should Be Dismissed

Defendant contends the FAC should be dismissed because Plaintiff failed to follow the Court's July 11, 2019 Order, which Defendants read as requiring Plaintiff to file the *same* proposed amended complaint he submitted with his motion to reopen this case. When the Court first dismissed Count Three, the Court granted Plaintiff leave to file an amended complaint that "cur[ed] only the deficiencies with count three . . . ." (Doc. No. 13 at 2:15-17.) When Plaintiff eventually submitted his proposed amended complaint along with his motion to reopen the case and a separate motion to amend, the proposed amended complaint was identical to the dismissed Complaint, except that it completely omitted Count Three. (Doc. No. 29 at 2:28-3:1; *see also* Doc. No. 21 at 5-16.) This omission technically satisfied the Court's direction to amend only Count Three. Nonetheless, the Court allowed Plaintiff to file an amended complaint rather than file the proposed amended complaint that Plaintiff had attached to his motion to reopen the case. Plaintiff apparently interpreted this as permission to amend his complaint without limits and subsequently filed a complaint that greatly expanded the claims in this case by adding eight new claims to the original two claims and also re-alleged the dismissed (and omitted from the proposed

amended complaint) Count Three as two new separate claims now as Count 6 and Count 7. Defendant now contends that Plaintiff's filing of this different amended complaint that contains multiple new claims violates the Order to amend only Count Three and that this act warrants dismissal of the FAC.

Defendant is correct. Although the Court granted Plaintiff leave to amend, this leave was limited solely to amend Count Three, which was originally a mishmash of multiple theories—"Fourteenth Amendment, due process, libel, slander, defamation." (Doc. No. 1 at 9.) Plaintiff exceeded the bounds of this limited permission to amend when he added multiple new claims that were never even mentioned in the original Count Three— specifically assault and battery (Count Eight), negligence (Count Nine), false imprisonment (Count Ten), and intentional infliction of emotional distress (Count 12). As a result, Plaintiff far exceeded the permission he was granted to amend only Count Three. Because Plaintiff exceeded the bounds of the leave he was granted, the additional claims were filed without leave of Court.

Turning to the factors the Court must consider, the public's interest in expeditious resolution of litigation would not be vindicated by not dismissing the discrepant First Amended Complaint. This case has now been pending on the Court's docket since 2017 and is nearly three years old—yet it remains in the pleadings stages. Were the Court to not dismiss the discrepant First Amended Complaint, the case will be further delayed, as Defendants will likely file another motion to dismiss, this time on the merits of the newly-added claims. This will further delay this case and not satisfy the public's interest in the expeditious resolution of this case. Second, not dismissing the discrepant First Amended Complaint will also not vindicate this Court's need to manage its docket for the same reasons as just cited. Third, Defendants will indeed be prejudiced as they will once again have to file a motion to dismiss to challenge claims they have never had notice of for the nearly three-year history of this case. Fourth, the public policy favoring disposition of cases on their merits would continue to be satisfied because, as explained below, the case would continue to proceed. Finally, sanctions short of dismissal are not available to

properly address the unpermitted expansion of the number of claims as Plaintiff has done here. In any event, dismissal here is not a particularly harsh sanction given that this case will not terminate but will proceed as explained below.

**B.    Remedy**

Plaintiff has shown himself incapable of following simple directions and has further demonstrated willingness to engage in gamesmanship and vexatious litigation. To avoid any further delay, this Court recommends that the Court simply direct the Clerk of Court to file the proposed amended complaint that Plaintiff first filed along with his motion to amend. (Doc. No. 21 at 5-16.) This proposed amended complaint complied with the Court's directive that Plaintiff may only amend Count Three. It also conformed with Plaintiff's explanation for not filing an amended complaint in the first place and was consistent with Plaintiff's apparent acceptance of the dismissal of the third claim.

No injustice would result by adopting this procedure, as the proposed amended complaint was filed by Plaintiff himself. He had the opportunity to amend Count Three in any manner he wished at that time but chose to omit it. This choice was completely his, and he certainly had more than sufficient time to amend the complaint as he desired. This remedy also ends the continued delay of this 2017 case.

**C.    Extension of Order Declaring Plaintiff a Vexatious Litigant**

On February 12, 2019, this Court issued a Report and Recommendation in S.D. Cal. Case No. 18-CV-326-AJB(WVG), *Hammler v. Alvarez et al.*, recommending that the Court grant Defendants' motion to declare Plaintiff a vexatious litigant. (See Appendix A.) The Court thereafter adopted the R&R, declared Plaintiff a vexatious litigant, and imposed prefiling restrictions upon him. (See Appendix B.) The Court's Order, however, appears to be limited only to that case and does not extend to this case.

Because this Court sees no reason why the Court's Order should not extend to this case as well, this Court *sua sponte* recommends that the Order be extended to this case. The reasons provided in the R&R in Appendix A for declaring Plaintiff a vexatious litigant remain in full effect, and Plaintiff has already been declared a vexatious litigant in this

District. Thus, the Court's recommendation is a matter of simply extending the impact of the prior Order to this case—not declaring Plaintiff a vexatious litigant anew.

### IV. CONCLUSION

Based on the foregoing, this Court respectfully RECOMMENDS as follows:

1. That Defendant's motion to dismiss the First Amended Complaint be GRANTED;

2. That the Court direct the Clerk of Court to file the proposed amended complaint filed as Docket No. 21 at pages 5 through 16 be entered in this case as the First Amended Complaint under a new docket entry; and

3. That the Court's Order declaring Plaintiff a vexatious litigant be extended to the instant case. (*See* S.D. Cal. Case No. 18-CV-326-AJB(WVG), Doc. Nos. 55, 63.)

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**IT IS ORDERED** that **no later than December 31, 2019**, any party to this action may file written objection with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties **no later than January 15, 2020**. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on the appeal.

**IT IS SO ORDERED.**

DATED: November 21, 2019

_____

Hon. William V. Gallo
United States Magistrate Judge

# Appendix A

1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT
8              SOUTHERN DISTRICT OF CALIFORNIA
9

10   ALLEN HAMMLER,                        Case No.: 18-CV-326-AJB(WVG)
11                             Plaintiff,
                                           **REPORT AND**
12   v.                                    **RECOMMENDATION ON**
                                           **DEFENDANTS' MOTIONS TO**
13   J. ALVAREZ *et al.*,                  **REVOKE PLAINTIFF'S IFP**
                                           **STATUS, TO REQUIRE POSTING**
14                             Defendants.  **OF SECURITY, AND TO DECLARE**
                                           **PLAINTIFF A VEXATIOUS**
15                                         **LITIGANT**
16
17                                         **[Doc. No. 20.]**

18        A self-described "jailhouse lawyer," Plaintiff has filed numerous lawsuits against

19   prison officials in every federal district court in California.  Defendants now move (1) for

20   an Order revoking Plaintiff's *in forma pauperis* status and dismissing the case, (2) for an

21   Order requiring Plaintiff to post $15,525 in security under Local Civil Rule 65.1.2(a) to

22   proceed with this case, and (3) declaration of Plaintiff as a vexatious litigant who should

23   be subject to a prefiling order.  This Court recommends that Defendants' motion be

24   DENIED as to the first two requests and GRANTED as to the last request.[1]

25
26
27   [1] For a recitation of allegations in the FAC, please see the recently-filed R&R on
     Defendants' motion to dismiss.  (Doc. No. 53; 2019 U.S. Dist. LEXIS 17720, 2019 WL
28   422575 (S.D. Cal. Feb. 4, 2019).

**A.    Defendants' Motion to Revoke Plaintiff's IFP Status and Dismiss this Case**

On April 25, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* after he filed a declaration attesting that he had not received any form of income in the previous twelve months.  (Doc. Nos. 3, 5.)  Plaintiff also submitted a certified copy of his prisoner trust account that showed his account "carried no average monthly balance, has had no monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and, consequently, had no available balance on the books at the time of filing." (Doc. No. 5 at 3:16-18.)  The Court found Plaintiff had no means to pay the initial filing fee and directed the CDCR to collect the remaining $350 in fees from Plaintiff on an installment basis.  (*Id.* at 3-4.)

Defendants contend Plaintiff's IFP declaration was false because he had in fact received $10,900 from settlements in two lawsuits during that time period.  Moreover, Plaintiff reportedly received another $4,000 from a settlement months after he filed the IFP application in this case.  Defendants now ask the Court to revoke Plaintiff's IFP status and dismiss the case for abuse of the IFP process.

**1.    Legal Background**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See* *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

If, at any time, the Court determines that a Plaintiff's "allegation of poverty is untrue, the Court "shall dismiss the case."  28 U.S.C. § 1915(e)(2)(A).

2

## 2.   The Court Should Not Revoke Plaintiff's IFP Status

Based on the documentary evidence, it certainly appears that Plaintiff's representation that he had not received any income was technically not correct, as two settlement checks had been issued to him in the recent months prior to filing the IFP application on February 26, 2018 (Doc. No. 3).  On August 29, 2017, he received a net amount of $476.16 (Doc. No. 20-1 at 2 ¶ 5(a)), and he received another $9,889.81 in net settlement funds on October 18, 2017 (*id.* at 3 ¶ 5(b)).  (Doc. No. 20-1 at 6.)  However, on the same day these funds were applied to Plaintiff's account, the CDCR withdrew identical amounts and applied those funds to the restitution Plaintiff had been ordered to pay in other cases.  (Doc. No. 20-1 at 6.)  The net result of each of these transactions was to completely remove the incoming funds from Plaintiff's account, leaving him with $0.00 balances each time.  (*Id.*)

Based on the foregoing, the omission of this income from Plaintiff's FIP declaration was of no moment because it would not have affected the Court's ultimate decision.[2]  On the day Plaintiff filed his IFP application, he completely lacked funds from the two settlements to apply towards filing fees in this case.  Thus, the Court's finding in its IFP Order that Plaintiff had no means to pay the filing fees would have remained the same since the certified prisoner trust account statement Plaintiff submitted showed he lacked funds as of the date of the IFP application.  Accordingly, Plaintiff's "allegation of poverty" was not "untrue" such that revocation of his IFP status or dismissal is warranted here.  *See* 28 U.S.C. § 1915(e)(2)(A).

Nor does Defendants' representation that Plaintiff received a subsequent $4,000 settlement change the above assessment.  As an initial matter, the Court notes that there is no evidence that Plaintiff has received these funds.  While Defendants submitted records

---

[2] Plaintiff has also advanced a colorable argument that the funds never hit his prison account because CDCR headquarters withdrew the funds before anything was transmitted to his local prison account.

showing intake of the two settlement funds that preceded the IFP application, they did not submit anything related to the $4,000 settlement, and Ms. Gomez-Essex's declaration does not discuss these funds.  However, even if Defendants submit these records along with any objection to this R&R, the Court still would not recommend dismissal under section 1915(e)(2)(A).  If Plaintiff is shown to *currently* have funds to pay filing fees, his IFP application declaration nonetheless demonstrated that he was not able to pay any fees as of the date he filed it.  Accordingly, any subsequent funds he received would not retroactively render his IFP declaration untrue since he indeed was a pauper as of the date of that filing.

In sum, this Court does not recommend revocation of Plaintiff's IFP status since there is no evidence that Plaintiff currently has the means to pay any fees.  Nor would this Court recommend dismissing this matter under section 1915(e)(2)(A) since Plaintiff had no funds available to pay fees as of the date of his IFP application.

**B.    Whether Plaintiff Should Be Required to Post Security Before Proceeding in This Action**

Defendants also request that Plaintiffs be required to post $15,525 as security for their costs in litigating this action.

**1.    Legal Background**

The Federal Rules of Civil Procedure do not contain a provision relating to security for costs.  *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).  The Southern District of California's Civil Local Rule 65.1.2(a) permits the Court to order a party "to furnish security for costs which may be awarded against such party in an amount and on such terms as are appropriate."  S.D. Cal. Civ. L.R. 65.1.2(a).  In establishing the requirements for a costs bond, the Court may look to the law of the forum state.  *Simulnet E. Assocs.*, 37 F.3d at 574.  However, "[a]lthough district courts often look to state practice to determine whether it is appropriate to require plaintiff to post a security, there is no requirement for federal courts to do so."  *Surabhi v. Miller*, No. 15CV1830-WQH(MDD), 2016 U.S. Dist. LEXIS 6674, at *17 (S.D. Cal. Jan. 19, 2016) (Hayes, J.)

(quoting *Susilo v. Wells Fargo Bank, N.A.*, No. CV 11-1814, 2012 WL 5896577, at *1 (C.D. Cal Nov. 19, 2012).

In California, requiring a plaintiff who has been declared a vexatious litigant to post a security bond may be appropriate to protect defendants from costs and attorney's fees they might incur.  California Code of Civil Procedure section 391 requires a party to furnish security on a showing that (1) the party is a vexatious litigant and (2) there is no reasonable probability that she will prevail in the instant litigation.

The Ninth Circuit has expressly advised that cost bonds should be imposed with great care: "In requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts.  To do so has serious constitutional implications.  Our statutes and case law make it evident that we studiously avoid limitation of access to the courts because of a party's impecunious circumstance."  *Simulnet E. Assocs.*, 37 F.3d 573, 575-76 (9th Cir. 1994).

Ultimately, whether to impose such bonds is with the Court's discretion, and review of such an order is for abuse of discretion.  *Id.* at 574.

### 1.    Plaintiff is Vexatious Under State Law

To establish the first prong of the motion for security, Defendants requests that the court find Plaintiff is a vexatious litigant under California Code of Civil Procedure § 391(b)(1).  That subdivision defines, in relevant part, a vexatious litigant as one who "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . that have been . . . finally determined adversely to the person."[3]  Cal. Civ. Proc. Code § 391(b)(1)(i).

For these purposes, "litigation" is any civil action or proceeding, commenced, maintained or pending in any state or federal court.  Cal. Civ. Proc. Code § 391(a).  It

---

[3] An action qualifies as being within the "immediately preceding seven-year period" so long as it was filed, prosecuted, or maintained during that period.  *Stolz v. Bank of Am.*, 15 Cal. App. 4th 217, 225 (1993).

includes an appeal or civil writ proceeding filed in an appellate court. *Garcia v. Lacey*, 180 Cal Rptr. 3d 45, 49 (Cal. Ct. App. 2014). A litigation is "determined adversely" to a plaintiff within the meaning of the vexatious litigant statute if the litigant does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff. *Id.*; *see also Tokerud v. Capitolbank Sacramento*, 45 Cal. Rptr. 2d 345, 347 (Cal. Ct. App. 1995) (stating party who repeatedly files baseless actions only to dismiss them is no less vexatious than party who follows action through to completion).

In the pending motion, Defendants cite the following actions as adversely decided against Plaintiff:[4],[5]

1.    *Hammler v. Melendez, et al.*, No. 18-CV-588-EFB (E.D. Cal. 2018), dismissed June 1, 2018 pursuant to Plaintiff's request for voluntary dismissal.

2.    *Hammler v. Director of CDCR*, No. 17-CV-97-NJV (N.D. Cal. 2017), dismissed April 27, 2017 after Plaintiff failed to file an amended complaint after the district court dismissed the complaint with leave to amend.

3.    *Hammler v. Kirkland, et al.*, No. 16-CV-1944-CMK (E.D. Cal. 2016), dismissed June 7, 2017 pursuant to Plaintiff's request for voluntary dismissal.

---

[4] The Court should grant Defendants' motion for judicial notice of these court records and dispositions. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

[5] This Court also notes that the following two cases in this District have been adjudicated against Plaintiff, but the Court is currently entertaining motions to reopen one case and another motion for reconsideration of a dismissal order:

- *Hammler v. Kernan, et al.*, No. 18-CV-1170-DMS-NLS, dismissed without leave to amend, December 10, 2018, for failure to state a claim and as frivolous. Plaintiff's motion for reconsideration is currently pending before the Court.

- *Hammler v. Aviles*, No. 18-CV-1185-AJB-WVG, dismissed May 11, 2018, after the Court adopted the undersigned's R&R in full and dismissed with leave to amend. The case was closed after Plaintiff failed to file an amended complaint, but Plaintiff's motion to reopen the case is pending before the Court.

4.   *Hammler v. Pita, et al.*, No. 16-CV-1684-JGB-SP (C.D. Cal. 2016), dismissed July 21, 2016 pursuant to Plaintiff's request for voluntary dismissal.

5.   *Hammler v. Macomber*, No. 15-CV-1913-AC (E.D. Cal. 2015), dismissed December 16, 2016 pursuant to Plaintiff's request for voluntary dismissal.

6.   *Hammler v. Director of CDCR*, No. 15-CV-307-JAM-EFB (E.D. Cal. 2015), habeas petition dismissed without prejudice on November 15, 2017, allowing Plaintiff to file civil action under section 1983.

7.   *Hammler v. Linkus*, No. 16K14541 (L.A. County Superior Court 2016), demurrer to complaint sustained without leave to amend on August 8, 2017.

8.   *Hammler v. Godfrey, et al.*, No. 16K03901 (L.A. County Superior Court 2016), demurrer to complaint sustained without leave to amend on December 21, 2016.

9.   *Hammler v. Davis, et al.*, No. JC58661 (Lassen County Superior Court 2015), demurrer to complaint sustained without leave to amend on May 23, 2015.

The four actions cited above which Plaintiff voluntarily dismissed qualify as actions adversely decided against him.  *See Tokerud*, 45 Cal. Rptr. 2d at 347.  Moreover, the remaining five actions dismissed on the merits also were adversely decided against him. Based on these cases, Defendants have shown that Plaintiff has had nine actions decided adversely against him during the relevant seven-year time period.  Thus, Defendants have satisfied the vexatious litigant prong of the motion for security under section 391(b)(1).

**2.   No Reasonable Probability of Success?**

In determining whether there is no reasonable probability of success, a court may determine whether a claim is foreclosed as a matter of law, but it may also weigh the evidence.  *Golin v. Allenby*, 118 Cal. Rptr. 3d 762, 786 (Cal. Ct. App. 2010) (stating inability to prevail standard may be shown by weight of evidence or lack of merit); *see Moran v. Murtaugh Miller Meyer & Nelson, LLP*, 55 Cal. Rptr. 3d 112, 114 (Cal. Ct. App. 2007) (finding Cal. Civ. Proc. Code § 391.2 provides for weighing of evidence); *see Garcia*, 180 Cal. Rptr. 3d at 50 (stating decision on inability to prevail is based on evaluative judgment in which court is permitted to weigh evidence).

Unlike in other cases where defendants attempt to meet this prong by providing declarations, Defendants here have not proffered any evidence from which the Court can determine Plaintiff lacks a reasonable probability of success. *Cf. Crane v. Rodriguez*, No. 15CV208-TLN-KJN P, 2018 U.S. Dist. LEXIS 112832, at *10-11 (E.D. Cal. July 6, 2018) (defendants proffering seven declarations as evidence); *Quezada v. Cate*, No. 13CV960-AWI-MJS(PC), 2016 U.S. Dist. LEXIS 152213, at *12-14 (E.D. Cal. Nov. 1, 2016) (defendant proffered declaration on factual issues). Instead, Defendants refer the Court to their pending motion to dismiss, which they contend establishes the lack of any reasonable probability of success.

In a separate Report and Recommendation, this Court recommended dismissal of Plaintiff's excessive force claim against all defendants because Plaintiff's own allegations established that the use of force did not violate Plaintiff's Eighth Amendment rights. This Court recommended denying leave to amend this claim because the claim was foreclosed by Plaintiff's own allegations—and not because the claim was missing detail that could potentially save it upon amendment. As a result, Plaintiff has no reasonable probability of success on the excessive force claim.

However, with respect to the retaliation claim, this Court recommended dismissal with leave to amend. Accordingly, unless and until Plaintiff amends this claim and Defendants litigate its sufficiency, the Court cannot determine whether Plaintiff has a reasonable likelihood of success. Accordingly, Defendants have not satisfied the second prong of the section 391 analysis.

### 3. Exercise of the Court's Discretion

Regardless whether the Court is ultimately able to conclude that Plaintiff lacks a reasonable likelihood of success on the retaliation claim, the Court should exercise its discretion to not order that Plaintiff post security under Civil Local Rule 65.1.2(a).

Because the application of California's vexatious litigant statute is wholly permissive, *Hicks v. Arya*, No. 16CV2465-TLN-KJN-P, 2018 U.S. Dist. LEXIS 201759, at *11 (E.D. Cal. Nov. 27, 2018), the Court may use its discretion when determining

8

whether to require a plaintiff who has been determined to be a vexatious litigant to post security. *See Bradford v. Brooks*, 659 Fed. Appx. 935, 935 (9th Cir. Aug. 31, 2016); *see generally Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011 (9th Cir. 2010) ("District courts have broad discretion in interpreting and applying their local rules.") (internal citation omitted). Additionally, because Local Rule 65.1.2(a) is itself permissive,[6] the Court should exercise its discretion by declining to order security for the following reasons.

First, a grant of Defendant's security motion would require Plaintiff to pay the $15,525 prior to proceeding with his case or risk having his case dismissed for failure to comply with the Court's order to post security. *See* Cal. Civ. Proc. Code § 391.4 (providing for dismissal of litigation against defendant if security not provided as ordered). Given that Plaintiff is indigent, such an order would deny him access to the courts.[7] Under federal law, this Court must consider plaintiff's indigence. *See generally* 28 U.S.C. § 1915(a) (supporting avoidance of limitation to court access due to indigence); *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575-76 (9th Cir. 1994) (stating care must be taken not to deprive a plaintiff of access to the federal courts when considering motion for security, as such deprivation has "serious constitutional implications"). This Court is to "avoid limitation of access to the courts because of a party's impecunious circumstance." *See Simulnet E. Assocs.*, 37 F.3d at 576.

Second, the consequence of not posting the security—dismissal—is the "ultimate sanction." *See United States v. King*, 200 F.3d 1207, 1214 (9th Cir. 1999) (stating dismissal is the "ultimate sanction" in dismissal of indictment case); *see also Thomas v. Gerber*

---

[6] This Rule is couched in wholly permissive language: "A judge *may* . . . require any party to furnish security for costs which may be awarded against such party in an amount and on such terms as are appropriate." (emphasis added).

[7] Although Plaintiff has likely received $4,000 from a recent settlement in a separate case, there is nothing before the Court that indicates he has received these funds. However, even if Defendants submit a copy of Plaintiff's prisoner account showing he has these funds available, he does not have sufficient funds to cover the security Defendants ask for.

*Prods.*, 703 F.2d 353, 356 (9th Cir. 1983) (same statement in context of deciding failure to comply with court order under Fed. R. Civ. P. 37(b)); *Schmidt v. Hermann*, 614 F.2d 1221, 1223-24 (9th Cir. 1980) (same statement made in context of deciding whether to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b)).  As a result, the Court abuses its discretion if it imposes a sanction of dismissal without first considering its impact as well as considering the adequacy of less drastic sanctions.  *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  Although a requirement for security does not operate as a dismissal, it imposes a potential financial barrier that may have the same dispositive effect.

Finally, there is a strong preference in the law for resolution of cases on the merits rather than disposition on technicalities.  *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (discussing preference in context of setting aside default); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."); *Dayton Valley Investors, LLC v. Union Pac., RR Co.*, 664 F. Supp. 2d 1174, 1179 (D. Nev. 2009) (finding good cause for allowing a belated summary judgment motion where the Court would "eventually address" the issues raised in that motion); *Molfetta v. Time Ins. Co.*, No. 07CV1240-JCM-LRL, 2010 U.S. Dist. LEXIS 58775, at *1 (D. Nev. May 17, 2010) ("Due to the judicial preference of adjudicating issues on the merits, the court has exercised its discretion and considered Plaintiff's untimely opposition, and all arguments presented therein.").  Here, it would be preferable for the Court to make a final determination on the viability of Plaintiff's retaliation claim if he chooses to amend the claim rather than dismiss the action based on his inability to post security.

Ultimately, it would not be appropriate to dismiss this action based on Plaintiff's financial resources rather than reaching the merits.  For the reasons discussed above, the undersigned recommends that defendant's motion to require Plaintiff to post $15,525 in security be denied.

**C.     Motion for Pre-Filing Order**

Defendants argue that Plaintiff's litigation activities in state and federal courts justify an order from this Court declaring him a vexatious litigant who should be required to obtain leave of Court before making further filings.   Because Plaintiff's lawsuits have been numerous, frivolous, and harassing, a pre-filing order is warranted.

**1.     Legal Standard**

Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  However, restricting access to the courts is a serious matter as the "right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998).   Thus, out of regard for the constitutional underpinnings of the right to court access, "pre-filing orders should rarely be filed," and only if courts comply with certain procedural and substantive requirements. *De Long*, 912 F.2d at 1147.

Accordingly, when district courts seek to impose pre-filing restrictions, they must (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147-48.

**2.     Findings Regarding the Frivolous or Harassing Nature of Plaintiff's Litigation**

Not only have Plaintiff's filings been numerous, they have been harassing and have been found frivolous.  Accordingly, this Court recommends the issuance of a pretrial filing order for all future cases in this District.

**a.     Legal Background**

Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order. *O'Loughlin v. Doe*, 920

11

F.2d 614, 618 (9th Cir. 1990).  To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims.  *In re Powell*, 851 F.2d 427, 431 (9th Cir. 1988); *see also Moy v United States*, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness.").  "'The plaintiff's claims must not only be numerous, but also be patently without merit.'"  *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *Molski*, 500 F.3d at 1059).  Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'"  *Id.* (quoting *De Long*, 912 F.2d at 1148).  However, courts "must be careful not to conclude that particular types of actions filed repetitiously are harassing and must [i]nstead . . . discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court."  *Id.* (quoting *De Long*, 912 F.2d at 1148) (internal quotation marks omitted).

### b.   Discussion

As an initial matter, Defendants have shown that Plaintiff's lawsuits have been numerous.   Since 2007, Plaintiff has filed 50 distinct cases against various prison officials—some of whom have been sued multiple times—in California state courts, every federal district Court in California, state appellate courts, and the Ninth Circuit Court of Appeals.[8]  (Ex. 11 to RJN, Doc. No. 20-2 at 226-29 (identifying 50 cases by name, number, and court).)  Of the 50 cases Plaintiff has filed, 36 have been in the last five years for an average of nearly nine cases per year.   This level of litigation certainly qualifies as numerous.  *See generally Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d

---

[8] The following is a breakdown of the number of cases Plaintiff filed each year since 2007:

| | | |
|---|---|---|
| 2007: 1 | 2011: 2 | 2015: 7 |
| 2008: 0 | 2012: 2 | 2016: 11 |
| 2009: 2 | 2013: 3 | 2017: 5 |
| 2010: 4 | 2014: 7 | 2018: 6 |

(Ex. 11 to RJN, Doc. No. 20-2 at 226-29 (identifying 50 cases by name, number, and court).)

1515, 1523, 1526 (9th Cir. 1983) (noting 35 actions filed in 30 jurisdictions); *see also Favor v. Harper*, No. CV17-165-JGB(JEM), 2017 WL 132830, at *2 (C.D. Cal. Jan. 13, 2017) ("[Plaintiff] has filed at least 50 actions in this district since 2014, and he continues to file new habeas petitions and civil rights complaints on a regular basis."); *Calhoun v. San Diego Cnty.*, No. 12CV2596-AJB(JMA), 2012 WL 5878666, at *3 (S.D. Cal. Nov. 21, 2012) (highlighting 26 similar complaints). The question remains whether Plaintiff's lawsuits have been frivolous and harassing. To answer this question, this Court looks to other courts' findings.

On October 1, 2014, Plaintiff filed a lawsuit against a prison official in Lassen County Superior Court, alleging Davis had defamed him and violated his rights under the California constitution. (Doc. No. 20-2 at 212-15.) The basis for the defamation claim was the official's expressed belief that Plaintiff was charging other inmates to assist them with legal matters. (*Id.* at 13-14.) The state court sustained the demurrer, finding that the alleged statement by the official was not defamatory. (*Id.* at 220.) The Court further found the "right to pursue happiness" did could not "give rise to a cause of action for damages." (*Id.* at 221.) Because Plaintiff could not cure the defects in the complaint through amendment, the state court denied him leave to amend and dismissed the case. (*Id.* at 221.) A review of this case demonstrates it was wholly without merit when filed based on the official's innocuous statements.

On May 13, 2016, Plaintiff filed action in the Los Angeles Superior Court against several prison officials alleging they "maliciously and sadistically" deprived him of sleep. (Doc. No. 20-2 at 194.) Plaintiff alleged the defendants' "malicious, wanton, and sadistic" actions were intended to "interfere with [his] exercise of the right to sleep and to be free from cruel and unusual punishment." (*Id.* at 191.) However, the rambling, nonsensical complaint alleged little more than a verbal dispute with prison officials and failed to allege any plausible way that his sleep was deprived by the officials. On December 15, 2016, the state court sustained the defendants' demurrer and dismissed the case without leave to

amend.  (*Id.* at 204.)  This action was also meritless and frivolous based on its lack of actionable allegations and allegation that a non-existent "right to sleep" was violated.

On November 22, 2016, Plaintiff sued a prison official in the Los Angeles Superior Court, alleging defamation, slander, and libel.  (Doc. No. 20-2 at 173.)  He alleged the official placed an untrue disciplinary statement in Plaintiff's prisoner file, and that statement would eventually impact his chances of receiving parole in the future.  The disciplinary statement simply noted that Plaintiff had brought unauthorized legal material into a classroom and that Plaintiff vociferously argued with prison staff about this issue.  (*Id.* at 172.)  On August 8, 2017, the state court sustained the defendants' demurrer on the basis that plaintiff had "failed to allege elements of any cause of action" and dismissed the action.  (*Id.* at 183.)  Again, this action lacked any merit and was frivolous.

Most recently, on December 10, 2018, the Honorable Dana M. Sabraw dismissed Plaintiff's first amended complaint for failure to state a claim upon which section 1983 relief could be granted.  (*Hammler v. Kernan et al.*, S.D. Cal. No. 18-CV-1170-DMS(NLS), Doc. No. 11 at 6.)  Judge Sabraw further denied Plaintiff leave to amend, found the case was frivolous, and certified that an appeal would not be taken in good faith.  (*Id.*)  Plaintiff's pursuit of this recent action was particularly egregious for several reasons.

First, Judge Sabraw found Plaintiff's claims were duplicative of claims he was actively pursuing in the Eastern District of California.  (*Id.* at 3 (citing *Hammler v. Director of CDCR et al.*, E.D. Cal. No. 17-CV-1949-MCE-DB).)  Plaintiff had alleged that he had "entered into a bilateral contract with the [CDCR] in which the terms of the agreement were that Plaintiff was agreeing to be housed [in] a sensitive needs yard."  (*Id.*)  Plaintiff alleged that this agreement was in exchange for "being provided an environment where he can live and program free of gangs and their politics."  (*Id.*)  Plaintiff claimed that the Director of the CDCR "in concert with co-defendants Daniel Paramo and P. Cortez have breach the entered into contract via refusing to up-hold their end."  (*Id.*)  Moreover, a breach of contract claim was also identical to claims in the Eastern District case.  (*Id.* at 5.)

Judge Sabraw dismissed these claims, as they were identical to those in another pending action.

Second, Judge Sabraw dismissed Plaintiff's retaliation claim because he had alleged facts that showed he was properly issued rules violations. Judge Sabraw found: "[H]e fails to allege that any Defendant issued a rules violation report because he sought to exercise his constitutional rights, instead he makes clear that he was issued disciplinary reports because he refused to accept the housing he was assigned." (*Id.* at 4.) Moreover, not only had Plaintiff failed to allege that the defendants' actions had any chilling effect, he had actually admitted that their actions did not have a chilling effect. (*Id.* at 5.) Although Plaintiff filed a motion for reconsideration, which is currently pending before Judge Sabraw, this case demonstrates the frivolous and harassing nature of Plaintiff's litigious conduct, especially in bringing duplicate claims in another district court. As Judge Sabraw found, this action was also frivolous.

Finally, Plaintiff's allegations against Defendants in the instant case further demonstrate Plaintiff's pattern of harassing litigation. As explained in detail in the recently-filed Report and Recommendation on Defendants' motion to dismiss, Defendants used a trivial level of force in response to Plaintiff's resistance and non-compliance with their attempts to simply remove handcuffs from his wrists. Plaintiff's own allegations here plainly demonstrate that he unnecessarily precipitated this confrontation with Officers Alvarez and Deis. Thus, much like the retaliation claim in the case before Judge Sabraw, Plaintiff's own allegations establish not only that he is not entitled to relief, but also show that that the defendants did not act in violation of the Constitution.

Additionally, the FAC here contains insight into Plaintiff's litigious mental state. A witness statement Plaintiff submitted with the FAC relates to a prior incident when Plaintiff refused to comply with orders to produce his hands for handcuffing and again provoked a confrontation with prison staff. This witness statement demonstrates that Plaintiff's mental state while actively in the middle of this manufactured confrontation was with an eye towards a future lawsuit: "[The lieutenant heard] Hammler yell after him 'all 'ya'll have to

do is bring the camera and I'll come out, *other than that your [sic] gonna get to know me too, in bog bold printed letters on the law suit* [sic].'"  (Inmate Anderson Decl. Doc. No. 1 at 70 (emphasis added).)  Indeed, Plaintiff filed that lawsuit, which is now pending in this District.  *Hammler v. Hough, et al.*, No. 18-CV-1319-LAB(BLM).[9]

### 3.  Conclusion

Based on the foregoing, Defendants have sufficiently demonstrated that Plaintiff's lawsuits have been numerous, frivolous, and have shown a pattern of harassment. Accordingly, the Court should GRANT Defendants' motion for an order declaring Plaintiff a vexatious litigant.

### RECOMMENDATIONS & ORDERS

Based on the foregoing, this Court RECOMMENDS that Defendants' motion be GRANTED-IN-PART and DENIED-IN-PART as follows:

1.     Defendants' request for revocation of Plaintiff's IFP status and for dismissal be DENIED;

2.     Defendants' request to require Plaintiff to post security under Local Civil Rule 65.1.2(a) be DENIED; and

3.     Defendants' request for an order declaring Plaintiff a vexatious litigant subject to a prefiling order be GRANTED.

This Report and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Additionally, **IT IS ORDERED:**

1.     That **no later than February 28, 2019**, any party to this action may file written objection with the Court and serve a copy on all parties.  Given the extensive

---

[9] This case remains in screening after Plaintiff filed an amended complaint in response to the Court's dismissal of his original complaint.

extensions the Court has granted Plaintiff and the delay that has caused, the parties should not expect that any further extensions will be granted.

2. **The objection shall be no more than 10 pages in length** and shall be captioned "Objections to Report and Recommendation." The parties are advised that failure to file objections within the specific time may waive to raise those objections on the appeal. **No reply briefs in response to the Objections will be accepted.**

3. Plaintiff need not make any copies of his Objections and should mail the original of his Objections directly to the Court.

4. Plaintiff is also excused from serving a copy upon Defendants. Service upon Defendants shall be deemed completed upon transmission of the Notice of Electronic Filing issued by the CM/ECF system.

5. The Attorney General's Office shall request that a litigation coordinator be assigned to Plaintiff for the timely filing of any Objections.

6. The Attorney General's Office shall cause personal delivery of a hard copy of this R&R by the litigation coordinator within 1 business day of filing.

7. On **February 21, 2019**, the Attorney General's Office shall file a status report regarding its compliance with these mandates.

**IT IS SO ORDERED.**

DATED: February 13, 2019

Hon. William V. Gallo
United States Magistrate Judge

17

# Appendix B

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                        Plaintiff,<br><br>v.<br><br>J. ALVAREZ, et al.,<br><br>                        Defendants. | Case No.:  18-cv-0326-AJB-WVG<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT & RECOMMENDATION, (Doc. No. 55);**<br><br>**(2) DENYING DEFENDANTS' MOTION REQUIRING POSTING OF SECURITY;**<br><br>**(3) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; and**<br><br>**(4) GRANTING DEFENDANTS' MOTION TO IMPOSE PRE-FILING RESTRICTIONS ON DEFENDANT AS A VEXATIOUS LITIGANT, (Doc. No. 20).** |

Before the Court is Defendants' motion to declare Plaintiff a vexatious litigant, revoke Plaintiff's IFP status, and require posting of security. (Doc. No. 20.) In the Report and Recommendation ("R&R"), the Magistrate Judge recommended: (1) denying Defendants' claim to revoke Plaintiff's IFP status and dismiss this case; (2) denying

1

Defendants' request that Plaintiff be required to post $15,525 as security for their costs in litigating this action; and (3) granting Defendants' request declaring Plaintiff a vexatious litigant subject to a pre-filing order for all future cases in this District. (Doc. No. 55 at 16.) For the reasons discussed herein, the Court **ADOPTS** the R&R's holding in full, (Doc. No. 55), **GRANTS** the motion to declare Plaintiff vexatious and to require issuance of a pre-filing order, and **DENIES** Defendants' motions requiring posting of security and revoking IFP status, (Doc. No. 20).

## I.    BACKGROUND

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* in an action against several correctional officers under 42 U.S.C. § 1983. (*See* Doc. No. 1.) The complaint specifically names correctional officers Alvarez, Deis, Hough, and Barrientos. (*Id.*) On September 10, 2019, Defendants filed a request for judicial notice, motions to require Plaintiff to declare Plaintiff a vexatious litigant and post security, revoke Plaintiff's IFP status, and to issue a pre-filing order, (Doc. No. 20). Defendants contend that Plaintiff be required to post $15,525 in security to proceed with this action and argue that Plaintiff should be deemed a vexatious litigant and he lacks a probability of success in this action. (Doc. No. 20.) Plaintiff has filed an opposition to this motion, (Doc. No. 49), and Defendants have filed a reply, (Doc. No. 54).

## II.    LEGAL STANDARDS

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna–Tapia* to habeas review).

## III.    DISCUSSION

Defendants request this Court to find Plaintiff a vexatious litigant under California

2

Code of Civil Procedure § 391(b)(1) and cites nine lawsuits Plaintiff has filed in the past seven years that were determined adversely against him. (Doc. No. 20 at 15–16.) Moreover, Defendants request judicial notice of eleven exhibits, all of which are court records involving Plaintiff. (Doc. No. 20-2.) Because these documents demonstrate the existence of other court proceedings, the Court **GRANTS** Defendants' request for judicial notice. *See* Fed. R. Evid. 201. Defendants further request the Court to issue a pre-filing order, which would prohibit Plaintiff "from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or . . . judge of the court where the litigation is proposed to be filed." (Doc. No. 20 at 20, *quoting* Cal. Civ. Proc. Code § 391.7(a).)

Plaintiff objects to the R&R's recommendation to declare him a vexatious litigant, arguing the R&R bases its recommendation "solely on a showing of lititiousness [sic]" and on two federal cases which were dismissed for frivolousness but are currently pending reversal. (Doc. No. 60 at 1.) Moreover, Plaintiff objects to the R&R's reliance of Plaintiff's state claims, as they "reflect unfamiliarity with the substantive law applicable rather than a reach at harassment." (*Id.* at 2.) Plaintiff further notes that the majority of his filings have been state habeas corpus claims (though none of the nine cases that Defendants have requested judicial notice of) and admits he has a "litigious mental state" as "this is what rights are for[.]" (*Id.* at 3.)

The R&R states that because Plaintiff's lawsuits have been numerous (36 cases filed in the last five years), frivolous, and harassing, Plaintiff should be declared a vexatious litigant. (Doc. No. 55 at 12–13.) For the reasons stated below, the Court concurs with the R&R and declares Plaintiff a vexatious litigant.

A.     **Defendants' Motions to Revoke Plaintiff's IFP Status and to Require Plaintiff to Post Security**

Neither party has filed objections to the Magistrate Judge's R&R regarding Defendants' motion to revoke Plaintiff's IFP status and to require posting of security. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no

clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Gallo's R&R regarding Defendants' motions to revoke Plaintiff's IFP status and to require posting of security; and (2) **DENIES** Defendants' motions to revoke Plaintiff's IFP status and to require Plaintiff to post security of $15,525 under Local Civil Rule 65.1.2(a).

### B.    Defendants' Motion for Pre-Filing Order

While federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances[,]" pre-filing orders should rarely be filed. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Moreover, the court must find the plaintiff's claims to be both numerous and without merit. *Ringgold-Lockhart*, 761 F.3d 1057, 1064 (9th Cir. 2014). Before district courts impose pre-filing restrictions on a litigant, they must (1) give litigants notice and "an opportunity to oppose the order before it [is] entered[;]" (2) create an adequate record for appellate review, which "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed[;]" (3) make substantial findings of frivolousness or harassment; and (4) narrowly tailor the order "to closely fit the specific vice encountered." *Id.* at 1147–48.

As a preliminary matter, Defendants have illustrated that Plaintiff has filed numerous lawsuits. Indeed, Plaintiff has filed 50 separate cases against various prison officials and in various California courts since 2007. (*See* Doc. No. 20-2, Ex. 11.) Just in the past five years, Plaintiff has filed 36 cases. *See generally Favor v. Harper*, No. CV 17-0165-JGB (JEM), 2017 WL 132830, at *1 (C.D. Cal. Jan. 13, 2017) (stating Plaintiff had filed numerous actions—over 50 lawsuits—consisting of both habeas petitions and civil actions). Because this Court finds that Plaintiff has undeniably filed numerous lawsuits, the remaining question is to determine whether these lawsuits have been frivolous and harassing.

Defendants have provided the following actions that were adversely decided against Plaintiff:

1.    *Hammler v. Melendez, et al.*, No. 18-CV-588-EFB (E.D. Cal. 2018),

4

voluntarily dismissed after a notice to withdraw complaint by Plaintiff on June 1, 2018.

2. *Hammler v. Director of CDCR*, No. 17-CV-97-NJV (N.D. Cal 2017), dismissed on April 27, 2017, because Plaintiff failed to file an amended complaint after the district court dismissed the complaint with leave to amend.

3. *Hammler v. Kirkland, et al.*, No. 16-CV-1944-CMK (E.D. Cal. 2016), voluntarily dismissed after a notice to withdraw complaint by Plaintiff on June 7, 2017.

4. *Hammler v. Pita, et al.*, No. 16-CV-1684-JGP-SP (C.D. Cal. 2016), voluntarily dismissed after a notice to withdraw complaint by Plaintiff on July 21, 2016.

5. *Hammler v. Macomber*, No. 15-CV-1913-AC (E.D. Cal. 2015), voluntarily dismissed after a notice to withdraw complaint by Plaintiff on December 11, 2015.

6. *Hammler v. Director of CDCR*, No. 15-CV-307-JAM-EFB (E.D. Cal. 2015), dismissed habeas petition without prejudice to file a civil rights action under 42 U.S.C. § 1983 on November 15, 2017.

7. *Hammler v. Linkus*, No. 16K14541 (Los Angeles Cty. Superior Court 2016), Defendant's demurrer sustained without leave to amend on August 8, 2017.

8. *Hammler v. Godfrey, et al.*, No. 16K03901 (Los Angeles Cty. Superior Court 2016), Defendant's demurrer sustained without leave to amend, but without prejudice, on December 21, 2016.

9. *Hammler v. Davis, et al.*, No. JC58661 (Lassen Cty. Superior Court 2015), Defendant's demurrer sustained without leave to amend on March 23, 2015.

As stated in the R&R, the four actions which Plaintiff voluntarily dismissed qualify as actions adversely decided against him. *See Tokerud v. Capitolbank Sacramento*, 38 Cal. App. 4th 775, 779 (1995) ("A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind."). Furthermore, the remaining five actions were dismissed on the merits, adverse to Plaintiff. Defendants have thus shown that Plaintiff has had nine actions decided adversely against him during the past seven years. *See Bravo v. Ismaj*, 99 Cal. App. 4th 211, 221 (2002) (illustrating that vexatious litigants are those

5

"persistent and obsessive" litigants who file "groundless actions"); *see also De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (finding that before a district court issues a pre-filing injunction against a pro se litigant, it must make a finding that the litigant's actions were "frivolous" and "harassing in nature.").

The Court makes this ruling taking into account that the Ninth Circuit has stated that pre-filing restrictions must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. Additionally, the Court is conscious that pre-filing orders should rarely be filed. *Id.* at 1147. Accordingly, when district courts seek to impose pre-filing restrictions, they must (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147-48.

In Plaintiff's objection to the R&R, he fails to specifically object to the R&R substantively. (Doc. No. 60.) Rather, it appears Plaintiff disagrees with the purpose of a pre-filing order more than the R&R's analysis behind it. For example, Plaintiff argues his lawsuits are "what rights are for" and "one who is weak can stand behind them and scream at Giants to fear God, County, and Constitution." (*Id.* at 3.) He also argues that he is seen as an enemy of the state by prison officials and he sees it as his duty to protect the few rights he has left. (*Id.* at 4.) Plaintiff explains this duty by arguing he will:

> continue to demand that his custodians respect them [the prisoners], and when they dont [sic] Plaintiff shall not rais [sic] a hand in violence as most unlearned prisoners who have accepted their relegation to subhuman do, but he shall do as those in the free and civilized world do, stand behind the Constitutions and scream at the Giants to 'kneel before my rights,' God and Country threatening to force them if they refuse, by way of Court, the means left a prisoner other than violence.

(*Id.* at 4–5.) It is important to note that Plaintiff will not be prevented from bringing meritorious lawsuits in the future, just that Plaintiff will have to obtain an order from a

6

Case 3:18-cv-00326-AJB-WVG   Document 63   Filed 08/13/19   PageID.1024   Page 7 of 7

judge permitting the filing.

Although Plaintiff does not object to the R&R's analysis substantively, the Court nevertheless will review the *De Long* factors. As to the first factor, the Court gave Plaintiff an opportunity to oppose the order before it is entered. As just analyzed, Plaintiff's objections were noted and discussed. Regarding the second and third factors, the Court refers to the now-adopted R&R which both discusses the numerous cases it relied on in concluding Plaintiff was vexatious, (Doc. No. 55 at 6–7, 12–15), and its substantive findings of frivolousness or harassment, (*id.* at 11, 12, 13–16). Finally, the Court issues the narrowly-tailored pre-filing order:

**Allen Hammler must seek and obtain leave of the presiding judge of the appropriate Court, prior to filing any new actions, against any defendant, in any forum in the State of California, based upon, or related in any way, to lawsuits alleging civil rights violations, lawsuits against prison officials, or federal habeas petitions.**

## IV.   CONCLUSION

Based on the reasoning stated herein, the Court **ADOPTS** the R&R, (Doc. No. 55), **GRANTS** Defendants' request to order Plaintiff a vexatious litigant subject to a pre-filing order, (Doc. No. 20), **DENIES** Defendants' request to revoke Plaintiff's IFP status, and **DENIES** Defendants' request to require Plaintiff to post security.

**IT IS SO ORDERED.**

Dated:  August 13, 2019

Hon. Anthony J. Battaglia
United States District Judge