UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>F. AVILES,<br><br>　　　　　　　　　　Defendant. | Case No.: 17-CV-1185-AJB(WVG)<br><br>**ORDER (1) GRANTING MOTION TO CONTINUE MSC; and (2) AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>**[Doc. No. 46.]** |

　　　Defendant's motion to continue the July 8, 2020 Mandatory Settlement Conference is GRANTED. Additionally, the Court amends the remaining unexpired dates in the prior Scheduling Order as set forth below. **IT IS HEREBY ORDERED**:

　　　1.　　On or before **October 9, 2020**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **October 23, 2020**, any party may supplement its designation in response to any other party's designation so long as the party

supplementing its expert designation has not previously retained an expert to testify on that subject.  **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 and 705, respectively.  This requirement is not limited to retained experts.**

  2. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than November 6, 2020**, containing the information required by Rule 26(a)(2)(B).  **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the party regularly involve the giving of expert testimony.**

  3. On or before **November 20, 2020**, any party, through any expert designated, shall in accordance with Rule 26(a)(2)(D)(ii), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.

**Except as provided in paragraph 5, below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Rule 37(c).**

  5. If a party has made a disclosure under Rule 26(a), and "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the party must supplement or correct its disclosure or response in a "timely manner," pursuant to Rule 26(e)(1).

  6. <u>All</u> discovery pertaining to expert witnesses shall be completed on or before **December 11, 2020**.

"Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure, **and any motions**

**and the resolution of any discovery disputes**.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Rule 26 and Local Rule 26.1(a).  **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

7. A second Mandatory Settlement Conference shall be conducted on **September 30, 2020**, at **9:00 a.m.** in the chambers of Magistrate Judge William V. Gallo. Each party shall submit settlement statements **directly to chambers** no later than **September 18, 2020**.

**Because Plaintiff is incarcerated, he may appear by telephone. Defendant's counsel is responsible for making any and all necessary arrangements with the litigation coordinator at the institution where Plaintiff is housed to ensure Plaintiff's telephonic presence.**

Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference, and verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Rule 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and

unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on *ex parte* application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or participate in good faith or obtain proper excuse will be considered grounds for sanctions. Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

      Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Settlement Conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

attorney is willing to recommend to the government official who has ultimate settlement authority.

4. All other dispositive motions, *including those addressing Daubert issues*, must be filed on or before **January 8, 2021**.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia.

5. The dates and times set forth herein will not be modified except for good cause shown.

6. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

7. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge.  No reply memorandum will exceed ten (10) pages without leave of a district judge.  Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

DATED: July 1, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge