UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                                Plaintiff,<br><br>v.<br><br>F. AVILES,<br><br>                                Defendant. | Case No.: 17-cv-01185-AJB-WVG<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION and**<br><br>**(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.**<br><br>**(Doc. Nos. 60, 72)** |

## I.    BACKGROUND

This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, against F. Aviles ("Defendant"), a correctional officer.[1] Plaintiff alleges that Defendant violated his civil rights by performing a takedown maneuver in 2016 and retaliating against Plaintiff when he accused Defendant, in a recorded statement, of using excessive force in connection with the takedown incident.

---

[1] Plaintiff is an adjudicated vexatious litigant. (Doc. No. 36.)

1

17-cv-01185-AJB-WVG

Before the Court is Defendant's motion for summary judgment on both claims. (Doc. No. 60.) The Court referred the matter to Magistrate Judge William V. Gallo for a Report and Recommendation ("R&R"), which he issued on November 23, 2021. (Doc. No. 72.) The R&R recommends that the Court grant Defendant's motion for summary judgment and enter judgment in his favor. (*Id.* at 1, 18.)[2]

Regarding Plaintiff's excessive force claim, the Magistrate Judge found that: (A) considering the undisputed facts, the takedown maneuver that Defendant used on Plaintiff was objectively reasonable and cannot support a claim of excessive force; and (B) Defendant is entitled to qualified immunity. (*Id.* at 8, 12.) As to Plaintiff's retaliation claim, the Magistrate Judge found that there was no genuine issue of material fact as to his retaliation claim. (*Id.* at 15.) The parties were instructed to file written objections with the Court no later than December 30, 2021. (*Id.* at 18.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a *de novo* determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). "The statute [§ 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). Thus, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Reyna-Tapia*, 328 F.3d at 1123.

//

---

[2] The pinpoint page citations refer to the ECF-generated page numbers at the top of each filing.

1  Here, neither party has filed an objection to the Magistrate Judge's R&R. Having
2  reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error.
3  Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's R&R in its entirety and
4  **GRANTS** Defendant's motion for summary judgment. (Doc. Nos. 60, 72.) The Clerk of
5  Court is instructed to enter judgment accordingly and close this case.

6  **IT IS SO ORDERED**.

7  Dated:  January 6, 2022

Hon. Anthony J. Battaglia
United States District Judge