1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| 11 | ALLEN HAMMLER, | Case No.: 17-cv-01185-AJB-WVG |
|---|---|---|
| 12 | Plaintiff, | **ORDER DENYING PLAINTIFF'S** |
| 13 | v. | **MOTION FOR RECONSIDERATION** |
| 14 | F. AVILES, | **(Doc. No. 75)** |
| 15 | | |
| 16 | Defendant. | |

Before the Court is *pro se* prisoner Allen Hammler's ("Plaintiff") motion for reconsideration. (Doc. No. 75.) Plaintiff requests that the Court reconsider its decision to adopt the Magistrate Judge's Report and Recommendation ("R&R") and grant Defendant's motion for summary judgment. (*Id.* at 1.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion for reconsideration.

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn*

*Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff does not argue newly discovered evidence, clear error, or an intervening change in law. Instead, he requests reconsideration based solely on a claim that prison officials precluded him from filing objections to the Magistrate Judge's R&R. (Doc. No. 75 at 1.) According to Plaintiff, on January 4, 2022, prison officials forcefully removed him from his cell and made him leave his legal files inside. (*Id.* at 2.) Plaintiff further claims that when prison officials returned his documents to him on January 6, 2022, the R&R had "gone missing." (*Id.* at 3.) He argues that because the R&R was missing, he did not know the deadline for filing objections. (*Id.* at 2–3.) The Court is unpersuaded.

Plaintiff does not allege that he never received the R&R issued by the Magistrate Judge on November 23, 2021. (Doc. No. 72.) Moreover, the R&R was not returned to the Court as undeliverable. Thus, the Court finds that Plaintiff received the R&R in the normal course and was aware that the deadline to file his objections was December 30, 2021. Plaintiff's receipt of the R&R is further supported by his description that it later went "missing." (Doc. No. 75 at 3.) Critically, despite being aware of the December 30 deadline, Plaintiff made no request for an extension of time to file his objections. And because the prison officials' alleged conduct occurred in January—after the filing deadline—it could not have been the reason for Plaintiff's failure to file a timely objection.

For the foregoing reasons, Plaintiff's claim that prison officials precluded him from filing objections is without merit. Accordingly, there being no highly unusual circumstances warranting the extraordinary remedy of reconsideration, the Court **DENIES** Plaintiff's motion. (Doc. No. 75.)

**IT IS SO ORDERED**.

Dated: February 23, 2022

Hon. Anthony J. Battaglia
United States District Judge