UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>F. AVILES,<br><br>　　　　　　　　　　Defendant. | Case No.: 17-cv-1185-AJB-WVG<br><br>**ORDER RESPONDING TO REFERRAL NOTICE**<br><br>**(Doc. No. 80)** |

　　　This is a civil rights action pursuant to 42 U.S.C. § 1983 filed by Allen Hammler ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, against F. Aviles ("Defendant"), a correctional officer. Plaintiff alleges that Defendant violated his civil rights by performing a takedown maneuver in 2016 and retaliating against Plaintiff when he accused Defendant of using excessive force during the takedown incident.

　　　On referral by this Court, Magistrate Judge William V. Gallo issued on November 23, 2021 a Report and Recommendation ("R&R") on Defendant's motion for summary judgment. (Doc. No. 72.) The Magistrate Judge recommended the Court grant Defendant's motion and instructed the parties to file written objections with the Court no later than December 30, 2021. (*Id.* at 18.) Neither party filed objections to the Magistrate Judge's R&R. (Doc. No. 73 at 3.) Finding that the R&R is thorough, well-reasoned, and contains

no clear error, the Court issued on January 6, 2022 an Order adopting the R&R in its entirety and instructing the Clerk of Court to enter judgment in favor of Defendant. (*Id.*)

On February 16, 2022, Plaintiff filed a motion for reconsideration of the Court's Order adopting the R&R. (Doc. No. 75.) On February 23, 2022, the Court denied it, finding that "Plaintiff's claim that prison officials precluded him from filing objections is without merit." (Doc. No. 76.) On March 28, 2022, Plaintiff filed a Notice of Appeal of the Court's Order denying reconsideration. (Doc. No. 77.)

The United States Court of Appeals for the Ninth Circuit now refers this matter for the "limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Doc. No. 80 at 1.) Federal Rules of Appellate Procedure 24(a)(3) provides that a party granted leave to proceed in forma pauperis ("IFP") in district court may continue in that status on appeal unless the district court certifies that the appeal is not taken in good faith, which in this context means that it is frivolous. *See Ellis v. United States*, 356 U.S. 674, 674–75 (1958). Similarly, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken IFP if the trial court certifies it is not taken in good faith. For purposes of § 1915, an appeal is "frivolous" if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Upon review of the record, the Court concludes that Plaintiff's appeal lacks any arguable basis in law or fact, and thus is considered as not being taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). To begin, the Magistrate Judge found, and the Court agreed, that the takedown maneuver that Defendant used on Plaintiff was objectively reasonable and cannot support a claim of excessive force, and there was no genuine issue of material fact as to his retaliation claim. (Doc. Nos. 72, 73.) Plaintiff filed no written objections to the Magistrate Judge's R&R, and the Court denied his motion for reconsideration because his explanation for his failure to file objections was without merit. (Doc. Nos. 73, 76.) Further supporting his lack of good faith, Plaintiff has been declared a vexatious litigant in this as well as another case before this Court. (Doc. Nos. 34, 36);

*Hammler v. Alvarez et al.*, 18-cv-326-AJB-WVG, (Doc. No. Nos. 55, 63). The Court also notes that Plaintiff has recently had his IFP status revoked in a case before another district court in this district. *See Hammler v. Imada et al.*, 21-cv-149-CAB-WVG, (Doc. No. 20).

Accordingly, for the foregoing reasons, the Court hereby **REVOKES** Plaintiff's IFP status. *See Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (an indigent appellant is permitted to proceed in forma pauperis on appeal only if appeal would not be frivolous). The Clerk of Court is directed to notify the Ninth Circuit Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED**.

Dated: May 13, 2022

Hon. Anthony J. Battaglia
United States District Judge